[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16928
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00035-CR-FTM-33DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN GONZALEZ-CASTELLANOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 26, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Martin Gonzalez-Castellanos appeals the 108-month

sentence imposed following his conviction for conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. §§ 841and 846.

Gonzalez-Castellanos entered a guilty plea to conspiracy without a written plea agreement. The facts of this case are not in dispute. Gonzalez-Castellanos, his brother Jose Gonzalez-Castellanos ("Jose"), and several others engaged in a conspiracy to distribute methamphetamine. In furtherance of this conspiracy, Gonzalez-Castellanos provided a government cooperator with a methamphetamine sample, drove an automobile with two firearms, and delivered at least 2.5 pounds of methamphetamine. Jose's actions included participating in methamphetamine transactions in an unspecified fashion, and being a passenger in the above-mentioned automobile containing firearms. Jose cooperated with police after the two were discovered with the firearms, admitting to the drug conspiracy and leading the police to a trailer used for methamphetamine storage.

In calculating the guidelines range, the probation officer recommended a base offense level of 32 under U.S.S.G. § 2D1.1(c)(10), with a two-level enhancement for possession of a firearm, U.S.S.G. § 2D1.1(b)(1), and a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, for a total offense level of 31. With a criminal history category of I, the guideline range was 108-135 months imprisonment. Gonzalez-Castellanos made no objections either to the

presentence investigation report or at sentencing. He argued, however, that the district court should sentence him below the advisory guideline range because of his youth, drug addiction and inability to receive treatment in prison, his likely deportation after completion of his prison term, and his minor role when compared to the role of his brother.[1] He contended that a term of 60 months imprisonment would be appropriate. The district court considered the 18 U.S.C. § 3553(a) factors and that it had the authority to depart, but stated that "when you become a distributor of drugs such as methamphetamine . . . then you cause this misery upon other people. And this type of action demands serious consequences." The district court sentenced Gonzalez-Castellanos to 108 months imprisonment. Gonzalez-Castellanos raised no objection to his sentence. Gonzalez-Castellanos now appeals.

Because Gonzalez-Castellanos failed to challenge his sentence in the district court, we will review for plain error only. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). An appellate court may not correct an error the defendant failed to raise in the district court unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights." If all three conditions are met, an appellate court may then exercise its discretion to

---

[1] Jose faced the same guidelines range and was sentenced to 108 months imprisonment.

notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation omitted).

The district court is required to accurately calculate the Guideline range, and we review the final sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005) (internal quotes omitted). Reasonableness depends on the factors found in 18 U.S.C. § 3553(a): the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care. Id. at 1246; see also 18 U.S.C. § 3553(a). Another factor is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

After a thorough review of the record, we find no reversible error, plain or otherwise. The district court considered the § 3553(a) factors as well as the guidelines, and found that a sentence at the low end of the guideline range was appropriate. The record does not reflect a substantially lower level of culpability on the part of Gonzalez-Castellanos as compared to Jose, who received the same sentence. We conclude, therefore, that his sentence was reasonable. Accordingly, we AFFIRM.

4